J-S40045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| TAVINE HILL, | : | |
| | : | |
| Appellant | : | No. 3488 EDA 2015 |

Appeal from the PCRA Order November 2, 2015
in the Court of Common Pleas of Delaware County,
Criminal Division, No(s): CP-23-CR-0005672-2012

BEFORE:  BOWES, MUNDY and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED JULY 06, 2016**

Tavine Hill ("Hill") appeals, *pro se*, from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On April 16, 2013, Hill entered an open guilty plea to robbery, conspiracy to robbery, and possession of a firearm, prohibited.  That same day, the trial court sentenced Hill to an aggregate term of five to ten years in prison, to be followed by a probation term of three years.  Hill filed a Motion for Reconsideration of Sentence, which the trial court denied on May 13, 2013.  Hill did not file a direct appeal.

Hill filed his first PCRA Petition on November 4, 2013.  The PCRA court dismissed the Petition.  Hill appealed the dismissal; however, the appeal was dismissed for failure to file a brief.

Hill filed the instant *pro se* PCRA Petition on September 8, 2015. The PCRA Court issued a Notice of Intent to Dismiss Without Hearing, and thereafter dismissed the Petition on November 2, 2015. Hill filed a timely Notice of Appeal.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

Under the PCRA, a defendant must file any PCRA petition within one year of the date that the judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

In the present case, because Hill did not file a direct appeal following the denial of his Motion for Reconsideration of Sentence, his judgment of

sentence became final on June 12, 2013. **See** 42 Pa.C.S.A. § 9545(b)(3); **see also** Pa.R.A.P. 903(a); Pa.R.Crim.P. 720(A)(2)(a). Hill had until June 12, 2014, to file a timely PCRA petition. Thus, the instant September 8, 2015 Petition is facially untimely under the PCRA.

The PCRA provides three exceptions to the one-year time limitation: (1) the failure to raise the claim was the result of government interference; (2) the facts of the new claim were unknown to the petitioner and could not have been discovered with due diligence; (3) the right asserted is a constitutional right recognized by the United States Supreme Court or the Pennsylvania Supreme Court after the time period provided in the section and has been held to apply retroactively. 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any PCRA petition invoking one of these exceptions must be filed within sixty days of the date the claim could have been presented. **Id.** § 9545(b)(2).

Hill invokes the third exception and claims that the United States Supreme Court decision in **Alleyne v. United States**, ___ U.S. ___, 133 S. Ct. 2151 (2013), renders his sentence illegal. Brief for Appellant at 12, 14-18. In **Alleyne**, the Supreme Court held that any fact that increases the sentence for a given crime must be submitted to the jury and found beyond a reasonable doubt. **Alleyne**, 133 S. Ct. at 2155.

Here, the trial court did not impose a mandatory minimum sentence. Thus, Hill's claim that his sentence is based on an illegal or unconstitutional statute is without merit.

Even if the trial court had imposed a mandatory minimum sentence, Hill failed to file his Petition within sixty days of June 17, 2013, the date of the **Alleyne** decision. **See Commonwealth v. Cintora**, 69 A.3d 759, 763 (Pa. Super. 2013) (stating that to fulfill the 60-day requirement, defendants need to file their petitions within 60 days from the date of the court's decision). Further, **Alleyne** is not retroactive to cases where the judgment of sentence was final. **See Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014) (stating that neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that **Alleyne** applies retroactively where the judgment of sentence has become final); **see also Commonwealth v. Riggle**, 119 A.3d 1058, 1067 (Pa. Super. 2015). Thus, Hill failed to meet the requirements of the third timeliness exception.[1]

Accordingly, the PCRA court properly dismissed Hill's Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/6/2016

---

[1] We note that Hill baldly claims that the PCRA's time limitations are unconstitutional and violate due process. Brief for Appellant at 11-12, 18-19. However, such a claim lacks merit, as our Supreme Court has held that the PCRA's time limitations and its exceptions are constitutional. **See Commonwealth v. Peterkin**, 722 A.2d 638, 643 (Pa. 1998).